## No. 9816.

INTERSTATE EMPLOYMENT SYSTEM *v.* THE DIRECTOR GEN-
ERAL OF RAILROADS.

Decided June 6, 1921.

Action to recover the value of railway baggage alleged
to have been wrongfully delivered. Judgment of dismissal.

*Affirmed.*

1. RAILROADS—*Wrongful Delivery of Baggage.* One cannot recover
damages against a railroad company for the wrongful delivery
of baggage which he claims as pledgee and for which he holds
the check, where the evidence discloses that he had no claim to
or interest in the baggage.

*Error to the County Court of the City and County of
Denver, Hon. E. J. Ingram, Judge.*

Mr. FRANK L. HAYS, Mr. JOEL E. STONE, Mr. GEORGE O.
MARRS, for plaintiff in error.

Mr. HENRY T. ROGERS, Mr. ERL H. ELLIS, Messrs.
ROGERS, ELLIS & JOHNSON, for defendant in error.

MR. JUSTICE BAILEY delivered the opinion of the court.

THIS action was brought in a justice court by The Inter-
state Corporation against the Director General of Rail-
roads, to recover $72.40, alleged to be due because defend-
ant failed, as is claimed, to deliver certain baggage,
shipped over The Atchison, Topeka & Santa Fe Railroad
system, then under his control. Judgment was for $31.50,
from which defendant appealed to the county court. Upon
trial there, after plaintiff had introduced its evidence, de-
fendant moved a non-suit, which was granted, the cause
dismissed and plaintiff brings the record here for review.

Plaintiff is a corporation engaged in the business of find-
ing employment for persons seeking work. The baggage

involved was the property of such an applicant, who had agreed to go to Tyrone, New Mexico, to take a position which plaintiff had secured for him. He had no money for railroad fare, or to pay a commission for securing him the place. It appears that under such circumstances it was plaintiff's custom to advance fare, take a note for commission, and retain any baggage of the applicant until such time as he should report for duty, when the employer honors a sight draft to cover fare, and agrees to retain out of the applicant's first month's pay sufficient to pay the commission. The baggage check upon the arrival of the employee is then redelivered to him by the employer, to whom meanwhile it has been transmitted.

The applicant failed to report. There is testimony which indicates that he got his baggage at Whitewater, the railroad station to which it was checked, located a few miles from Tyrone. That he actually did get the baggage is not certainly shown; in any event, under the facts this is immaterial. Plaintiff contends that, as it still has the check, it has a cause of action for the recovery of the value of the baggage, and relies upon the check as *prima facie* evidence of all necessary elements to warrant such judgment. The difficulty with the case lies in the absolute failure to show any right to possession of the baggage by plaintiff, as a pledge or otherwise. What its position would be had it proven that the baggage was pledged as security to pay the money advanced, we need not determine, since under the evidence no question of a pledge or lien is involved, there being not a syllable of proof to show that plaintiff by agreement with the owner or otherwise had a claim of any kind against the baggage.

It is conclusively shown that the baggage check was retained for the sole purpose of inducing the prospective employe to report for work. Had he reported at Tyrone the baggage check would have been immediately delivered to him. This is conclusive against any claim by plaintiff of a lien upon or right of possession of the baggage. That there was no intention to hold it as a pledge for the re-

payment of the money advanced is manifest from the testimony of the manager himself, as follows:

"Q.—What would have happened in regard to his baggage?

A.—His baggage would have been sent up to Whitewater upon delivery of the baggage check—or to Tyrone, upon delivery of the baggage check, and delivered to Phelps-Dodge Mercantile Company.

Q.—What would they have done?

A.—They would have turned it over to him.

Q.—Immediately?

A.—Yes, sir.

Q.—In other words, the sole purpose of taking this check away from this man is to have him report?

A.—Yes, to guarantee arrival. Unless we can get the arrival of the applicant at the other end, the companies will not honor sight draft or accept our bill for transportation advanced.

Q.—If he had reported, he would have been delivered his baggage as soon as the Phelps-Dodge people obtained it from the railroad company?

A.—Yes, sir."

This testimony flatly contradicts the claim of plaintiff, and precludes recovery, since there is an utter failure to show any lien upon the baggage by it whatsoever. The judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BURKE concur.